UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LINDA S. FELIX,

Plaintiff,

v.

STANCORP FINANCIAL GROUP, INC., STANCORP FINANCIAL GROUP, INC. dba STANDARD INSURANCE COMPANY, STANDARD RETIREMENT SERVICES INC., and MELISSA SUE IVERSON,

Defendants.

Case No. 3:14-cv-01536-ST

FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge:

**INTRODUCTION**

Plaintiff filed this case on September 26, 2014, alleging five claims for employment discrimination and retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 USC § 2615(a)(1), Oregon Family Leave Act ("OFLA"), ORS 659A.83, and other Oregon laws regarding unlawful employment practices. On October 3, 2014, plaintiff filed a First Amended Complaint (docket #3) alleging two additional claims for violations of the Americans with Disabilities Act ("ADA"), 42 USC §§ 12112 & 12203, that had been pending before the Equal Employment Opportunity Commission. After obtaining leave from the court, plaintiff filed a Second Amended Complaint on January 22, 2015 (docket #22), without adding any new

claims and a Third Amended Complaint on July 24, 2015 (docket #67), adding claims for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 USC § 207, and ORS 653.261.

Defendant has filed a Motion to Dismiss Plaintiff's Wage Claims, or, in the alternative, Motion for Partial Summary Judgment, Reconsideration or Clarification of Order Granting Leave to Amend (docket #70) on the basis that the new FLSA (Eighth Claim) and state overtime wage claims (Ninth Claim) in the Third Amended Complaint are barred by the statute of limitations. If "matters outside the pleadings are presented to and not excluded by the court," then a motion to dismiss under FRCP 12(b)(6) for failure to state a claim "must be treated as one for summary judgment under Rule 56." FRCP 12(d). Determining when plaintiff's overtime wage claims accrued requires consideration of evidence outside the pleadings. Therefore, defendants' motion is properly construed as a motion for partial summary judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FRCP 56(a). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 US 317, 323 (1986). On a motion for summary judgment, the court "draws all justifiable inferences in favor of the non-moving party." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F3d 1119, 1125 (9th Cir 2014), citing *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 255 (1986).

///

## FINDINGS

### I. Failure to Comply with Local Rule 7-1

As a threshold issue, plaintiff argues that defendants' motion should be denied for failure to comply with Local Rule 7-1. First, plaintiff asserts that defendants violated Local Rule 7-1(a) by failing to inform her counsel prior to filing their motion that they would seek summary judgment. However, defendants' counsel has submitted a declaration that he told plaintiff's counsel that he intended to file a motion for reconsideration, motion to dismiss, and a motion for partial summary judgment. Barnhart Decl. (docket #90), ¶ 2.

Second, plaintiff argues that defendants have violated Local Rule 7-1(b) by combining three motions instead of filing each one separately. However, that rule states that "[m]otions may not be combined with any response, reply or other pleading." It does not bar filing motions "in the alternative" in the same pleading.

Therefore, defendants have not failed to comply with Local Rule 7-1.

### II. Statute of Limitations

The statute of limitations for both the FLSA and state overtime wage claims is two years. 29 USC § 255(a); ORS 12.110(3). However, the FLSA extends the statute of limitations to three years for "a cause of action arising out of a willful violation." 29 USC § 255(a). Defendants argue that the new claims in the Third Amended Complaint are futile because they are not timely filed or, if timely filed under the FLSA's extended statute of limitations, fail to state a claim for a willful violation.

#### A. Accrual Date

Under the regulations governing the FLSA, "a cause of action . . . 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the

period in which the workweek ends." 29 CFR § 790.21(b). "Statutes of limitation have to start running from some point, and the most logical point a cause of action" for unpaid wages accrues "is the day the employee's paycheck is normally issued, but isn't." *Biggs v. Wilson*, 1 F3d 1537, 1540 (9th Cir 1993) (citations omitted). FLSA claims are continuing claims and a separate cause of action accrues every pay day that overtime is not paid. *See Beebe v. United States*, 640 F2d 1283, 1293 (Ct Cl 1981); *McIntyre v. Division of Youth Rehab. Servs.*, 795 F Supp 668, 674 (D Del 1992) (courts have adopted uniform approach under *Beebe* that cause of action accrues each paycheck).

The parties agree that plaintiff's overtime wage claims commenced on March 29, 2013, when defendants issued the second-to-last paycheck to plaintiff for the pay period ending on March 31, 2013, a total of 80 hours of work. Iverson Decl. (docket #72), ¶ 4 & Ex. 1. Defendants issued a final paycheck to plaintiff on April 2, 2013, for the remaining pay period of only 1.5 days which could not have included any overtime wages. *See id*, ¶ 5. Therefore, the two-year statute of limitations expired on March 29, 2015, and the three-year extended statute of limitations under the FLSA expired on March 29, 2016.

Plaintiff did not file the Third Amended Complaint alleging her overtime wage claims until July 24, 2015, more than two years after those claims accrued. Accordingly, plaintiff's FLSA and state overtime wage claims are barred unless they relate back to the original Complaint, First Amended Complaint, or Second Amended Complaint, all of which were filed within the two-year statute of limitations. Even if those claims were not timely filed, plaintiff also alleges a claim for a willful violation of the FLSA subject to the extended three-year statute of limitations which is discussed first.

///

**B. Willful Violation of the FLSA**

The Third Amended Complaint alleges in paragraphs 156 and 157 that defendants "willfully failed" to pay plaintiff for the overtime hours that she worked. Even if these conclusory allegations are sufficient to survive a motion to dismiss, defendants seek summary judgment on the basis that any claim for a willful violation of the FLSA lacks evidentiary support.

To establish a willful violation of the FLSA, the employee must prove "that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 US 128, 133 (1988). "Reckless disregard" is defined as the "failure to make an adequate inquiry into whether conduct is in compliance with the [FLSA]." 5 CFR § 551.104. Such recklessness includes an employer who "disregard[s] the very 'possibility' that it was violating the statute." *Alvarez v. IBP, Inc.*, 339 F3d 894, 908-09 (9th Cir 2003).

Accordingly, an employer commits a willful violation if it is "on notice of its FLSA requirements, yet [takes] no affirmative action to assure compliance with them," such as failing to inquire into "the meaning of the relevant FLSA terms and the type of steps necessary to comply therewith." *Id* at 909, citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F3d 132, 142 (2nd Cir 1999). However, the fact that an employer acted unreasonably in determining its legal obligations is not sufficient to show that the employer acted recklessly. *McLaughlin*, 486 US at 135 n13; *see also Allen v. Board of Pub. Educ. for Bibb Cnty.*, 495 F3d 1306, 1323-24 (11th Cir 2007).

Plaintiff argues that defendants willfully ignored her misclassification because she told LeClerc at a meeting on March 14, 2013, that she was not an exempt employee. The parties

dispute whether plaintiff discussed her eligibility for overtime pay at that meeting with LeClerc. Plaintiff has submitted a declaration stating, consistent with her allegation in paragraph 45 of the original Complaint (and paragraph 47 of the Third Amended Complaint), that she told LeClerc that she "had contacted the Bureau of Labor and Industries Wage and Hour Division (BOLI) by email and in person and that [she] was not performing the duties of an exempt employee." Felix Decl. (docket #85), ¶ 5. LeClerc has submitted contradictory declaration stating that plaintiff never stated that "she was not an exempt employee or that she had contacted BOLI for any purpose." LeClerc Decl. (docket #73), ¶ 3. Instead, LeClerc contends that they only discussed plaintiff's request for accommodation in working no more than 40 hours per week, as evidenced in her March 15, 2013 email to plaintiff summarizing the discussion. *Id*, Ex. 1.

As a general rule, conflicting testimony by witnesses creates a genuine dispute of material fact sufficient to avoid summary judgment. However, plaintiff's declaration contradicts her prior deposition testimony. At her deposition, plaintiff testified that she did not discuss her conversation with BOLI as to her exempt status with anyone but her husband and attorney. Barnhart Decl. (docket #71), Ex. A ("Felix Depo."), p. 453.[1] The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting her prior deposition testimony. *Kennedy v. Allied Mut. Ins. Co.*, 952 F2d 262, 266 (9th Cir 1991) (citations omitted). However, to reject an affidavit contradicting prior deposition testimony, "the district court must make a factual determination that the contradiction was actually a 'sham.'" *Id* at 267. The undisputed facts support that determination in this case.

Even if plaintiff can be excused for not remembering at her deposition that she had also discussed her exempt status with LeClerc, other evidence contradicts her declaration. First,

[1] The parties have submitted documents with various attachments. Citations to affidavits, declarations, and depositions are identified by the last name of the affiant, declarant, or deponent, and citations are to the paragraph(s) of the affidavit or declaration or to the page(s) of the deposition transcript.

BOLI's email in response to plaintiff's inquiries do not definitively state that her position as a Defined Contribution Analyst is exempt. BOLI's response contains only a "generic" explanation of the implications of exempt status and standard tests for determining status. Felix Decl., ¶ 4, Exs. A & B. Second, plaintiff's declaration contains one obvious error. She states that she sent BOLI an email on January 27, 2013, but the email attached to her declaration is dated January 27, *2014*. *Id*, ¶ 4 & Ex. A, p. 2. Therefore, her first email inquiry to BOLI was on March 13, 2013, at 7:30 pm, not on January 28, 2013. *Id*, ¶ 4 & Ex. B. Plaintiff also states that after speaking to a BOLI representative, she met with LeClerc. *Id*, ¶ 4. That means plaintiff could not have spoken to BOLI until March 14, 2013, the same day as her meeting with LeClerc. Conceivably she could have spoken with BOLI in the morning and met with LeClerc in the afternoon, but that timing is not clear. Third, in her email correcting LeClerc's summary of the March 14 meeting, plaintiff did not mention overtime pay or exempt status. That omission strongly corroborates LeClerc's recollection of the meeting.

More importantly, plaintiff's later email to BOLI indicates that she never received a response to her inquiry about her FLSA status. On January 27, 2014, plaintiff sent an email to BOLI, identical to the one sent on March 13, 2013, requesting help "defining [her] job description as [an] exempt or non-exempt employee." *Id*, Ex. A, p. 2. If she had already received an answer from BOLI in response to her March 13, 2013 email and follow-up phone call, as she states in her declaration, then she had no reason to repeat her inquiry nearly a year later.

Plaintiff argues that the court must view inferences drawn in the light most favorable to the her and assume that she learned that she was non-exempt on prior to March 14, 2014, and told LeClerc this information at their meeting. However, the court can only draw inferences that

are reasonably supported by the record. Plaintiff's declaration that she told LeClerc that she was non-exempt is belied by the other undisputed evidence and cannot reasonably be inferred in her favor. Thus, plaintiff has failed to present sufficient evidence to create a genuine issue of material fact as to whether defendants were on notice of her an uncertainty of FLSA coverage that they failed to investigate.

At oral argument, plaintiff suggested that she might have grounds to assert a willful violation based on the original 2010 determination by defendants that she was an exempt employee. In their Reply, defendants submitted a declaration from Jeff Barnett, a Compensation Consultant in the Human Resources Department of Standard Insurance Company, stating that in 2010 he "reviewed the classification of positions within Standard Retirement Services to determine whether they were properly classified as exempt or non-exempt." Barnett Decl. (docket #53), ¶ 3. He concluded that plaintiff's position "was (and still is) correctly classified as a salaried exempt administration position." *Id*, ¶ 4. Plaintiff responds that summary judgment is premature since she had not yet received any discovery on her wage claims explaining why and how her position was classified as exempt in 2010. Such discovery may be relevant if defendants contend that they are shielded from liability by FLSA's good faith defense provisions. 29 USC §§ 259-60. That defense places an affirmative duty on employers "to inquire about uncertain [FLSA] coverage issues." *Alvarez*, 339 F3d at 907 (citations omitted). However, an employer "does not willfully violate the FLSA even if it acts "unreasonably, but not recklessly, in determining its obligation." *McLaughlin*, 486 US at 135 n13. Unless Barnett did not do what he says he did, which is improbable, discovery will not assist plaintiff in proving a "willful violation" based on the 2010 classification of her position.

Because plaintiff has failed to create a genuine dispute of material fact as to whether defendants were on notice of their misclassification of her position as exempt, she cannot succeed on her FLSA claim alleging a "willful violation" subject to the three-year statute of limitations. Therefore, even though timely filed, defendants should be granted summary judgment against the FLSA claim for a willful violation.

**C. <u>Relation Back Doctrine</u>**

To fall within the two-year statute of limitations, plaintiff's other wage claims must relate back to the filing of an earlier pleading. Pursuant to FRCP 15(c)(1)(B), a new claim relates back to a prior pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."

> Amendments seeking to add claims are to be granted more freely than amendments adding parties. When a suit is filed in a federal court under the [Federal Rules of Civil Procedure], the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement.

*Union Pac. R. Co. v. Nevada Power Co.*, 950 F2d 1429, 1432 (9th Cir 1991) (citation and internal quotations omitted).

Since "Rule 15(c) is to be interpreted literally," an amendment to add new claims should be permitted if the defendant had "fair notice of the transaction, occurrence, or conduct called into question." *Id* (citation and internal quotations omitted).

Plaintiff argues that defendants had such notice of her overtime wage claims based primarily on the following two allegations in her original Complaint filed within the two-year statute of limitations on September 26, 2014:

> 44. On March 13, 2013, Plaintiff submitted her job description to the Oregon Bureau of Labor and Industries, Wage and Hour

> Division, inquiring whether her job should be considered exempt status.
>
> 45. On March 14, 2013, Plaintiff met with Ms. LeClerc. Plaintiff told LeClerc that she had several meetings with Defendant Iverson in which they discussed her medical condition and her physician's instructions. Plaintiff told LeClerc that she had contacted the Bureau of Labor and Industries Wage and Hour Division and was told that she was not an exempt employee.

Complaint, ¶¶ 44-45.

As discussed above, defendants have sufficiently undermined plaintiff's declaration regarding the last sentence of paragraph 45 to defeat summary judgment as to whether they committed a "willful violation" of the FLSA. However, in applying the relation back doctrine, the court "compares the original complaint with the amended complaint and decides whether the claim to be added will likely be proved by the 'same kind of evidence' offered in support of the original pleading." *Percy v. S.F. Gen. Hosp.*, 841 F2d 975, 978 (9th Cir 1988), quoting *Rural Fire Protection Co. v. Hepp*, 366 F2d 355, 362 (9th Cir 1966). Therefore, whether plaintiff can succeed in proving the allegations in paragraphs 44 and 45 is irrelevant to the analysis under FRCP 15(c). Instead, the issue is whether those allegations gave defendants sufficient notice that plaintiff might raise a claim related to the proper characterization of her job as non-exempt, entitling her to recover overtime pay.

Even if the court disregarded paragraphs 44 and 45, as defendants urge, the new wage claims arise from the conduct, transaction, or occurrence alleged elsewhere in the original Complaint. The claims in the original Complaint rest on factual allegations that plaintiff was forced to work more than 40 hours a week (¶¶ 20-21, 29, 34). Those claims will require proof as to the requirements of plaintiff's job and how many hours she worked, which is the same proof required for her new wage claims.

Nonetheless, defendant argues that those allegations fail to give notice of a wage claim because the entire thrust of the Complaint is that plaintiff's long hours were contrary to her medical restrictions, making them relevant only to her disability claims. Working in excess of 40 hours is not itself a violation of the FLSA. The FLSA only requires an employer to pay time and a half to non-exempt employees when they work more than 40 hours a week. Even so, plaintiff's wage and retaliation claims arise from the same conduct by defendants, namely an alleged failure to pay wages for hours worked in excess of 40 per week. In fact, the claims can be viewed as alternative theories of recovery for the same conduct. Plaintiff alleges her retaliation claims because her hours in excess of 40 per week were contrary to her medical restrictions, but if those claims fail, then she is entitled to recover overtime pay for the overtime hours worked.

In any event, the purpose of the relation back doctrine is to allow addition of only those claims that defendant could expect would be brought, or was on notice of, based on the original Complaint. Several allegations should have put defendant on notice that plaintiff might pursue a claim for overtime wages. For example, paragraph 12 alleges that:

> [o]n May 1, 2006, Plaintiff was promoted to the position, Defined Contribution Analyst, Analyst I. The job description for Defined Contribution Analyst does not require a person in that position to work more than forty hours per week. As Defined Contribution Analyst, Plaintiff was not a manager. Plaintiff did not supervise anyone.

These allegations relate more to plaintiff's status as a non-exempt employee than to her disability. In addition, paragraph 30 alleges that plaintiff was "working a lot of overtime."

Plaintiff may be justly criticized for failing to file these overtime wage claims in any of her earlier pleadings. However, that failure does not waive her right to file them now provided that they relate back under FRCP 15(c)(1)(B). Therefore, plaintiff's proposed wage claims relate

back her to initial Complaint and are timely filed within the two-year statute of limitations. Accordingly, defendants' motion for summary judgment should be denied.

**RECOMMENDATION**

For the reasons stated above, defendant's Motion to Dismiss Plaintiff's Wage Claims, or, in the alternative, Motion for Partial Summary Judgment, Reconsideration or Clarification of Order Granting Leave to Amend (docket #70) should be construed as a motion for partial summary judgment and should be GRANTED in part as to a willful violation of the FLSA and otherwise DENIED.

**SCHEDULING ORDER**

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due Friday, December 18, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED December 1, 2015.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge